IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMIE WALTON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-1120-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Jimmie Walton, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

In January 2008, petitioner was convicted of unauthorized use of a motor vehicle and sentenced to 10 years confinement. The case is currently pending on direct appeal. *Walton v. State*, No. 05-08-00382-CR (Tex. App.--Dallas, filed Mar. 21, 2008). Petitioner also filed an application for state post-conviction relief. The application was dismissed because of the pending appeal. *Ex parte Walton*, No. 29,198-15 (Tex. Crim. App. May 28, 2008). Unable to obtain immediate relief in state court, petitioner seeks federal habeas relief on the grounds that: (1) he received ineffective assistance of counsel; and (2) he was arrested for an unrelated offense while out on bond and held five months without a trial.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Although petitioner attempted to present his claims to the Texas Court of Criminal Appeals in an application for state post-conviction relief, the application was dismissed because of a pending appeal. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (Texas Court of Criminal Appeals lacks jurisdiction to consider application for writ of habeas corpus under article 11.07 until conviction becomes final after direct appeal). As a result, the highest available state court has never considered the claims presented by petitioner in this proceeding. This renders the claims unexhausted. *See Dupree v. Cockrell*, No. 3-01-CV-0777-L, 2001 WL 1041800 at *2 (N.D. Tex. Aug. 30, 2001) (dismissing section 2254 habeas case on exhaustion grounds where Texas Court of Criminal Appeals dismissed state writ due to pending appeal). Dismissal is clearly warranted under these circumstances.[1]

---

[1] In an apparent attempt to circumvent the exhaustion requirement, petitioner accuses his court-appointed lawyer of filing an appeal without his permission "to avoid Habeas Corpus relief interfering with its process." (*See* Pet. Mem. at 2). Whatever the merits of this novel argument, it must be presented to the Texas Court of Criminal Appeals before petitioner seeks relief in federal court.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 30, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE